See also, D.C., 555 F.Supp. 1236.

**UNITED STATES of America, Plaintiff,**

v.

**Samuel J. RUSSOTTI, et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Robert R. BRUCATO, Defendant.**

**Nos. CR–82–156T, CR–83–77T.**

United States District Court,
W.D. New York.

June 14, 1983.

Robert L. King, Dept. of Justice, Rochester, N.Y., for plaintiff.

John R. Parrinello, Rochester, N.Y., for defendants.

DECISION and ORDER

TELESCA, District Judge.

This is a motion by the Government urging this Court to disqualify attorney John Parrinello from simultaneously representing defendants Robert Brucato and John Trivigno. Both defendants are charged with separate crimes under separate indictments, but it is claimed that proof in both cases is interrelated.

The Government claims that in the Trivigno indictment[1], proof will include evidence that four automobiles were sold by Brucato to one of the defendants, Richard Marino. Three of these vehicles were allegedly used in the commission of several predicate offenses named in the R.I.C.O. indictment: the Chirico murder attempt, the DiDido murder; and the DeMarco mur-

---

1. John Trivigno was indicted along with nine (9) others on two counts of violating 18 U.S.C. § 1961, *et seq.,* commonly referred to as R.I. C.O. (Racketeer Influenced and Corrupt Organizations) offenses. Those cases are still pending.

der attempt. Of course it is further alleged that Trivigno participated in the Chirico attempt and the DiDido murder.

The Government further claims that evidence will show an intimate involvement between Brucato, Vincent Rallo (a former insurance agent turned Government informant), and Richard Marino, (a co-defendant of Trivigno) who purchased all of the vehicles involved in the Russotti case from Brucato. It is this alleged involvement of Brucato with important aspects of proof in the R.I.C.O. case which the Government claims clearly provides the potential for an intolerable conflict of interest should attorney John Parrinello be permitted to represent both Brucato and Trivigno.

The Court held a hearing on May 11, 1983. After oral argument by the Government attorneys and Mr. Parrinello this Court insisted on personally questioning both Brucato and Trivigno on their understanding of the potential conflict. Both defendants Trivigno and Brucato persisted in their preference to have Mr. Parrinello represent them and apparently saw no conflict in his dual representation. Subsequently, both submitted affidavits and significantly, both affidavits point out that in the event Mr. Parrinello is called upon to cross-examine either of the parties, he "... shall be restricted solely to those matters acquired by Mr. Parrinello through the public record and will not involve his use of any materials acquired as a result of his confidential communications with Mr. Brucato".[2] Notwithstanding these statements, both Trivigno and Brucato assert their constitutional right to be represented by the attorney of their choosing, to wit: Mr. John Parrinello.

One conclusion from both affidavits emerges without ambiguity. The parties contemplate and acknowledge that areas of conflict may arise in the event either testifies against the other. In addition, the Court is well aware that the Supreme Court indicated in more than one instance, that

defendants may, if they act with their eyes open, elect to be represented jointly by a single attorney. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *See also United States v. Curcio,* 694 F.2d 14 (2nd Cir.1982).

However, because of the complex nature of both cases and the interrelation of the expected proof, both defendants are entitled to conflict-free representation at this early stage of each case. While at this point they may feel that they have knowingly and intelligently made the decision to have Mr. Parrinello represent them, they cannot effectively evaluate the potential for future conflict.

It is almost impossible to foresee the areas of potential conflict which may arise in the trial of either defendant. Brucato is almost certain to be called as a witness in Trivigno's trial. Trivigno's affidavits indicate that he is aware that that might happen and if it does, he will seek the advice of separate counsel. It is best stated in *Camera v. Fogg,* 658 F.2d 80, 89 (2nd Cir.1981):

> "In every case there are numerous critical, strategic decisions which must be made by an individual charged with a crime, such as whether to become a witness for the State and against his partners in crime, whether to plead guilty to lesser offenses, and whether to take the stand in his own behalf. These decisions can be adequately made only by a defendant who is represented by an attorney who is uncompromisingly dedicated to the interests of that one defendant."

Under the circumstances that exist in this case with the complexities involved it is almost immaterial whether or not the defendants claim to be advised and well informed of their rights to separate counsel. "No defendant, can be expected to understand the dangers and disadvantages of

---

**2.** The identical language is also contained in Trivigno's affidavit. *See also U.S. v. James &*

*Rice,* 708 F.2d 40 (2nd Cir.1983).

multiple representation." *Camera v. Fogg, supra,* p. 89. Such is the case here.

Moreover, the charges brought against the defendant, Trivigno, involve complex questions of law and fact affecting a total of ten (10) defendants which is estimated will take two to three months to try. The prospect of a conflict arising during the course of that trial while representing the defendant, Trivigno, could prove to be terribly disruptive to the effective administration of justice. For example, both defendants assert in their affidavits that if either is called to testify in a trial against the other, they "understand and consent to obtain a separate attorney to advise me concerning my constitutional right against self-incrimination". Is that the only pitfall? Assuming Brucato is called to testify by the Government in the R.I.C.O. trial against Trivigno, it certainly is plausible that independent counsel might advise Trivigno to immediately discharge Parrinello based upon Parrinello's prior representation of the Government's witness, Brucato. It is not difficult to project at that point that a motion for mistrial may have to be granted to allow substitute counsel to adequately prepare.

Therefore, ethical considerations aside, there are other significant factors which warrant the disqualification of counsel despite what might be considered to be a knowing intelligent waiver of the Sixth Amendment protections afforded to each defendant. *United States v. Mari,* 526 F.2d 117 (2nd Cir.1975), *cert. denied,* 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976). *See also United States v. James,* 708 F.2d 40 (2nd Cir.1983); *United States v. Cunningham,* 672 F.2d 1064 (2nd Cir.1982).

A more reasoned, sensible approach to the problem therefore commands that Mr. Parrinello elect to represent either Mr. Trivigno or Mr. Brucato but not both. That election must be made within thirty (30) days of this Decision and Order.

ALL OF THE ABOVE IS SO ORDERED.